UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

SUSSMAN-AUTOMATIC CORP.,

                  Plaintiff,

        -against-

SPA WORLD CORPORATION d/b/a STEAM
SAUNA DEPOT, JOSEPH SCHWARTZ, an
individual, and IRA SCHWARTZ, an
individual,

                  Defendants.

Case No.: 13 Civ. _____

**JURY TRIAL DEMANDED**

## COMPLAINT

       Plaintiff Sussman-Automatic Corp. ("Sussman"), by its attorneys Cowan, DeBaets,

Abrahams & Sheppard LLP, complains and alleges against defendant Spa World Corporation

d/b/a Steam Sauna Depot ("Spa World"), Joseph Schwartz, and Ira Schwartz (collectively,

"Defendants") as follows:

### NATURE OF THE ACTION

       1.     Sussman seeks injunctive relief and damages pursuant to Sections 32 and 43 of

the Lanham Act, 15 U.S.C. §§ 1114(1) & 1125(a), respectively; New York General Business

Law Sections 349 and 360-l *et seq.*, and the common law of the state of New York.

       2.     This action arises out of Defendants' willful and blatant acts of trademark

infringement, unfair competition, false advertising, and unjust enrichment relating to Sussman's

popular and high-quality "Mr. Steam" brand steam shower and spa products.

       3.     Specifically, Defendants have engaged in a bait-and-switch scheme whereby they

purport to sell Sussman's Mr. Steam products on their website, but when a customer orders a

Mr. Steam product, Defendants tell the customer it is out of stock and instead offer to sell Spa

World's own brand of steam shower and spa products, which are inferior to Sussman's products, and, upon information and belief, have even been known to malfunction.

## JURISDICTION AND VENUE

4.     This Court has federal question jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a) and 1338(b) and Section 39 of the Lanham Act, 15 U.S.C. §1121(a).  This Court has supplemental jurisdiction over all other claims pursuant to 28 U.S.C. § 1367(a).

5.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because, among other things, Sussman's principal place of business is in Queens County, New York; because Spa World's principal place of business is in Nassau County, New York; because Defendants engage in their scheme through a website that is based in Nassau County, New York; because Sussman and Defendants are doing and/or transacting business in this judicial district; and because a substantial part of the events giving rise to the claims alleged herein occurred in this judicial district, and Sussman has incurred damage in this judicial district.

## THE PARTIES

6.     Sussman is a New York corporation with its principal place of business in Long Island City, New York.

7.     Spa World is a Delaware corporation with its principal place of business in Valley Stream, New York.  On information and belief, Spa World operates a website called Steam Sauna Depot, which is based out of Inwood, New York.  On information and belief, Spa World and Steam Sauna Depot are related companies – if not the same company – as they share the same principals and each has a second location in the same warehouse at the same address in Miami, Florida (5701-5703 NW 35th Avenue, Miami Florida, 33142).

2

8.      Spa World, though Steam Sauna Depot, sells and distributes its products in interstate commerce throughout the United States and in this District.

9.      On information and belief, Ira Schwartz and Joseph Schwartz are domiciled in Nassau County, New York, and are the principal officers of Spa World and Steam Sauna Depot, as well as another affiliate, Spa World Logistics, Inc., which is a New York corporation with its principal place of business in Nassau County, New York, and, on information and belief, is related to Spa World and Steam Sauna Depot, given its similar name, shared principal officers, and location in Nassau County.

10.     This Court has personal jurisdiction over Spa World because Spa World has its principal place of business in this District, does business as Steam Sauna Depot in this District, and transacts significant business, advertises, solicits customers, sells goods, has committed the tortious acts complained of, and has caused injury to Sussman's interests in this District, and would reasonably expect its actions to have consequences in New York.  Moreover, Steam Sauna Depot is based out of this District, and Spa World's affiliated entity Spa World Logistics, Inc. is registered in, headquartered in, and on information and belief, routinely does business in this District.

11.     This Court has personal jurisdiction over Ira and Joseph Schwartz because they are domiciled in New York, are officers of the other New York-based Defendants, and are otherwise directly involved in devising and executing the scheme at issue which has caused harm to Sussman's interests in this District.

3

## FACTUAL BACKGROUND

### Sussman's "Mr. Steam" Brand Steam Shower and Spa Products

12.     Sussman is the manufacturer of the popular and high-quality Mr. Steam brand of steam shower and spa products. Sussman has manufactured electric steam boilers and related products since 1944, and is one of the largest manufacturers of these products in the world.

13.     Sussman is an innovator of commercial and residential steam shower and spa equipment, and under its flagship brand, Mr. Steam, sells high-tech steam shower generators and systems for both markets, as well as control packages (such as touch-screen and swipe-controlled thermostats), aromatherapy products, and accessories (such as towel warmers and in-spa speakers, benches, and lights), and other products designed to boost health and well-being. Sussman's Mr. Steam products are manufactured primarily in the United States and are sold all over the world.

14.     Mr. Steam is a top-selling brand of residential and commercial steam shower and spa equipment. It is considered a premium, top-of-the-line brand in this space, and its products are comparable to other high-end brands such as Amerec and Steamist. Mr. Steam's products are known for their industry-leading and innovative designs, myriad special features, and sleek and understated appearance, as well as their durability and safety.

15.     Sussman sells its Mr. Steam products through thousands of re-sellers around the world.

16.     Sussman is the owner of three incontestable trademark registrations in the U.S. Patent and Trademark Office ("USPTO") for variations of the trademark "MR. STEAM." True and correct copies of the records of the USPTO for the registrations for Mr. Steam marks are

4

attached hereto as Exhibit 1. The aforesaid trademarks are hereinafter collectively referred to as the "Mr. Steam Marks."

17.     Sussman has expended substantial time, money, and other resources in developing, advertising, and promoting steam shower and spa products bearing the Mr. Steam Marks to consumers. As a result of these efforts, consumers readily identify steam shower and spa products bearing the Mr. Steam Marks as being of the highest quality and emanating from and being sponsored and approved by Sussman. The goodwill symbolized by the Mr. Steam Marks is of incalculable value.

## Spa World's Bait-and-Switch Scheme

18.     Spa World operates and does business through website called the Steam Sauna Depot – located at www.steamsaunadepot.com – on which it offers for sale and sells steam shower, spa, and sauna equipment including steam generators, control panels, towel warmers, steamroom lighting, sauna packages, fans, and accessories.

19.     One of the brands Spa World purports to offer for sale on the Steam Sauna Depot website is Mr. Steam. Other brands include Amerec, Kohler, Steamist, and Thermasol. Spa World also sells its own brand of product called SteamSpa.

20.     Spa World routinely engages in a bait-and-switch scheme whereby it advertises and offers for sale on the Steam Sauna Depot website, and over the phone, various Mr. Steam products. However, when a customer orders a Mr. Steam product, a Spa World/Steam Sauna Depot employee contacts that customer to tell them that the Mr. Steam product is not in stock. The employee then tells the customer that Steam Sauna Depot does stock the same type of product under Spa World's own "SteamSpa" brand name, and encourages the customer to

5

purchase the cheaper SteamSpa product instead.  The Spa World/Steam Sauna Depot employee falsely claims that SteamSpa is a superior product to Mr. Steam.

21.    Employees of Spa World/Steam Sauna Depot are specifically instructed and trained to convert attempted buyers of Mr. Steam products into buyers of SteamSpa products.

22.    On information and belief, Defendants Ira and Joseph Schwartz, father and son, devised and directly control this scheme, are directly involved in instructing Spa World/Steam Sauna Depot employees in carrying out the scheme, have benefitted financially as a result of the scheme (to the detriment of Sussman), and know that Sussman is based in New York, and that Sussman would therefore suffer injury in New York as a result of the scheme.

23.    Sussman first learned of Defendants' bait-and-switch scheme when a sales manager at a Mr. Steam re-seller attempted to purchase a Mr. Steam product from the Steam Sauna Depot website, and upon refusing the alternative SteamSpa product, was unable to complete the sale.

24.    While a comparable SteamSpa product is, indeed, cheaper than its Mr. Steam counterpart, it is a decidedly inferior product.  Upon information and belief, SteamSpa products are manufactured and assembled in China from inferior materials and exhibit inferior workmanship.  Moreover, upon information and belief, SteamSpa products have reportedly malfunctioned or broken down, resulting in customer complaints.

25.    Numerous customers looking to purchase a Mr. Steam product have fallen victim to this scheme and have ended up purchasing SteamSpa brand products instead of Mr. Steam brand products, resulting in lost sales and lost income on the part of Sussman, as well as customer confusion concerning what product the customer is actually purchasing and whether Sussman/Mr. Steam stands behind alternative brands such as SteamSpa.

6

26. Indeed, some customer complaints have even been directed to Mr. Steam authorized re-sellers after Spa World/Steam Sauna Depot customers were sold defective SteamSpa products in lieu of Mr. Steam products.

27. Sussman's business has suffered because its authorized re-sellers of Mr. Steam products are losing significant sales due to Defendants' bait-and-switch scheme. Not only do potential customers buy the inferior SteamSpa product instead of Mr. Steam products, but in order to retain customers and attract new buyers, Sussman's re-sellers must reduce the price of Mr. Steam products even though Mr. Steam is qualitatively superior.

28. Mr. Steam re-sellers have even had to assist customers in replacing their defective SteamSpa products with genuine Mr. Steam products, and have done so at a reduced price given the customer's sunken investment in the SteamSpa product.

29. Furthermore, Sussman has a minimum advertised pricing policy ("MAP"), whereby it instructs re-sellers not to advertise Mr. Steam products below a certain manufacturer-suggested price point. Defendants knew about this policy and knew that no legitimate re-seller was likely to advertise Mr. Steam products at below the suggested amount. Accordingly, Defendants could attract all comparison shoppers by offering a lower price, and would suffer no consequences because they never intended to honor that lower price, but rather would tell potential buyers that Mr. Steam products were out of stock.

30. Defendants' use of the Mr. Steam Marks to advertise Mr. Steam-branded products that they had no intention of selling, and substitution of inferior SteamSpa products despite their representation that SteamSpa products are superior to Mr. Steam products, constitutes trademark infringement, unfair competition, and false advertising under federal and state law, and also dilutes and tarnishes the substantial good will associated with the Mr. Steam Marks.

Because the substituted SteamSpa products are of inferior quality to Mr. Steam brand products, consumers are likely to believe that Mr. Steam brand products are not the premium, high-end products that they have come to expect.

## FIRST CLAIM FOR RELIEF
### Trademark Infringement in Violation of Section 32 of the Lanham Act
### (15 U.S.C. § 1114(1))

31.     Sussman hereby incorporates by reference and realleges each and every allegation contained in paragraphs 1 through 30 hereof.

32.     Sussman is the owner of several federal trademark registrations for the Mr. Steam Marks. These registrations (*see* Exhibit 1) were duly and lawfully issued by the USPTO and are valid, subsisting and incontestable.

33.     Defendants have intentionally and knowingly infringed Sussman's registered trademarks by using the Mr. Steam Marks in conjunction with the ultimate sale of Spa World's inferior SteamSpa products, and in a manner that is certain to cause, and has caused, initial interest confusion, consumer confusion, mistake, and/or deception, and will ultimately confuse consumers who are seeking to purchase genuine Mr. Steam products into thinking that Sussman/Mr. Steam is somehow associated with, has authorized, or participates in the production of Spa World's inferior SteamSpa products. Defendants' actions, in fact, have deceived and confused consumers.

34.     The aforesaid conduct is in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114(1).

35.     Upon information and belief, unless restrained by this Court, Defendants intend to continue exploiting the Mr. Steam Marks in order to deceive customers into buying a SteamSpa product in lieu of purchasing genuine Mr. Steam products, thereby misappropriating Sussman's

goodwill and intellectual property in the Mr. Steam Marks for the purpose of tricking customers into purchasing inferior SteamSpa products.

36.     Upon information and belief, by their acts, Defendants have made and will make substantial profits and gains to which they are not in law or equity entitled.

37.     Defendants' acts have caused, and will continue to cause, irreparable injury to Sussman, and Sussman has no adequate remedy at law.

38.     Sussman has suffered and will suffer damages as a proximate result of the infringing acts of Defendants and is entitled to recover damages in an amount to be determined at trial, and is further entitled to recover any profits of Defendants resulting from their acts of infringement, along with costs and reasonable attorney's fees, pursuant to 15 U.S.C. § 1117.

## SECOND CLAIM FOR RELIEF
### False Designation of Origin and Unfair Competition in Violation of Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)(1)(A))

39.     Sussman hereby incorporates by reference and realleges each and every allegation contained in paragraphs 1 through 38 hereof.

40.     The Mr. Steam Marks have secondary meaning, as the purchasing public has come to know, rely upon, and recognize Sussman's products and services, and Sussman has established valuable goodwill therein.

41.     Defendants have manufactured, marketed, sold and offered for sale, and intend to continue to manufacture, market, sell, and offer for sale, inferior SteamSpa products in commerce alongside Mr. Steam-branded products and as supposed substitutes for Mr. Steam products that Spa World/Steam Sauna Depot claims are out of stock but were never in stock to begin with.  Defendants' actions are likely to cause initial interest confusion, customer confusion, mistake, and/or deception as to the affiliation, connection, or association of their

9

inferior SteamSpa products with Mr. Steam products, or as to the origin, sponsorship, or approval of Defendants' goods, services, or commercial activities by Sussman among purchasers and potential purchasers of actual Mr. Steam products, by *inter alia*, causing consumers to assume or believe that Sussman is associated with, has authorized, approves of, or participates in the production of SteamSpa products.

42.     Defendants' actions and conduct constitute false designation of origin and false or misleading description and representation, by closely associating their inferior SteamSpa products with Sussman's Mr. Steam products, which is likely to cause confusion, mistake, and/or deception among distributors, retailers, and consumers as to Sussman's sponsorship or approval of, or involvement in, Defendants' deceptive bait-and-switch scheme, and Defendants' offering for sale, advertising, or promoting of Mr. Steam products that do not actually exist, in violation of Section 43(a) of the Lanham Act. 15 U.S.C. § 1125(a)(1). Defendants' actions, in fact, have deceived and confused consumers.

43.     Defendants' violations of Section 43(a) of the Lanham Act have been and are knowing, willful, intentional, and deliberate.

44.     Upon information and belief, by their acts, Defendants have made and will make substantial profits and gains to which they are not in law or equity entitled.

45.     Upon information and belief, unless restrained by this Court, Defendants intend to continue their infringing acts, and will continue to willfully infringe the Mr. Steam Marks and infringe Sussman's rights, causing confusion, mistake, and deception, thereby causing immediate and irreparable injury to Sussman for which Sussman has no adequate remedy at law.

46.     Sussman has suffered and will suffer damages as a proximate result of

Defendants' infringing acts and anticipated infringing and misleading acts, and is entitled to

recover damages in an amount to be determined at trial, and is further entitled to recover any

profits of Defendants resulting from its acts of infringement, along with costs and reasonable

attorney's fees, pursuant to 15 U.S.C. § 1117.

## THIRD CLAIM FOR RELIEF
## False Advertising in Violation of Section 43(a) of the Lanham Act
## (15 U.S.C. § 1125(a)(1)(B))

47.     Sussman hereby incorporates by reference and realleges each and every allegation

contained in paragraphs 1 through 46 hereof.

48.     The aforesaid acts of Defendants also constitute false advertising in violation of

Section 43(a)(1)(B) of the Lanham Act (15 U.S.C. § 1125(a)(1)(B)), in that Spa World/Steam

Sauna Depot advertises for sale, in commerce, Mr. Steam products, informing customers that

such products are available for purchase and that they will be receiving an authentic Mr. Steam

brand product when purchasing such products through the Steam Sauna Depot website, but then

sells customers a product that is not manufactured, sold, approved, or authorized by Sussman,

thus misrepresenting the nature, characteristics, qualities and/or origin of the Mr. Steam-

branded products.

49.     The drastic difference in quality, safety, and integrity of the products is material

to consumers and would influence their purchasing decision, particularly because, upon

information and belief, SteamSpa products have been known to malfunction.

50.     Defendants' actions are likely to deceive and confuse consumers and, in fact, have

deceived and confused consumers.

51.     Defendants' violations of Section 43(a) of the Lanham Act have been and are
knowing, willful, intentional, and deliberate.

52.     Upon information and belief, by their acts, Defendants have made and will make
substantial profits and gains to which they are not in law or equity entitled.

53.     Upon information and belief, unless restrained by this Court, Defendants intend to
continue their infringing acts, and will continue to willfully infringe Sussman's rights, causing
confusion, mistake, and deception, thereby causing immediate and irreparable injury to
Sussman for which Sussman has no adequate remedy at law.

54.     Sussman has suffered and will suffer damages as a proximate result of
Defendants' infringing acts and anticipated infringing and misleading acts, and is entitled to
recover damages in an amount to be determined at trial, and is further entitled to recover any
profits of Defendants resulting from its acts of false advertising, along with costs and reasonable
attorney's fees, pursuant to 15 U.S.C. § 1117.

### FOURTH CLAIM FOR RELIEF
### Common Law Trademark Infringement

55.     Sussman hereby incorporates by reference and realleges each and every allegation
contained in paragraphs 1 through 54 hereof.

56.     The Mr. Steam Marks are valid trademarks under New York common law.  The
Mr. Steam Marks have secondary meaning, as the purchasing public has come to know, rely
upon, and recognize Sussman's goods and services by the Mr. Steam Marks, and Sussman has
established valuable good will therein.

57.     Defendants' conduct has caused and threatens to continue to cause confusion,
mistake, and/or deception among distributors, retailers, and consumers of Mr. Steam products,
as a result of Defendants' exploitation of the Mr. Steam Marks in order to attract customers to

12

their website and to their own products, and in light of the inferior SteamSpa products
Defendants distribute in place of genuine Mr. Steam products. Defendants' conduct, in fact, has
deceived and confused consumers.

58.     Defendants' infringements have been and are knowing, willful, intentional, and
deliberate, and cause harm to the trade and the public at large.

59.     By the acts alleged herein, Defendants are liable for trademark infringement of
the Mr. Steam Marks under New York common law.

60.     Upon information and belief, by their acts, Defendants have made and will make
substantial profits and gains to which they are not in law or equity entitled.

61.     Upon information and belief, unless restrained by this Court, Defendants intend to
continue their infringing acts, and will continue to willfully infringe the Mr. Steam Marks, and
to cause confusion, mistake, and deception, thereby causing immediate and irreparable injury to
Sussman for which Sussman has no adequate remedy at law.

62.     Sussman has suffered damages as a proximate result of the infringing acts of
Defendants and is entitled to recover damages in an amount to be determined at trial, along with
costs and reasonable attorney's fees.

63.     Sussman is entitled to recover punitive damages in an amount to be determined at
trial.

### FIFTH CLAIM FOR RELIEF
### Common Law Unfair Competition

64.     Sussman hereby incorporates by reference and realleges each and every allegation
contained in paragraphs 1 through 63 hereof.

65.     The Mr. Steam Marks have secondary meaning, as the purchasing public has come to know, rely upon, and recognize Sussman's goods and services by the Mr. Steam Marks, and Sussman has established valuable good will therein.

66.     Defendants' conduct, as alleged above, constitutes unfair competition under New York common law.  Defendants' bad faith acts have resulted in the "passing off" of their SteamSpa products as those of Mr. Steam, or as somehow related or associated with, or sponsored, approved, or endorsed by, Sussman/Mr. Steam, with the intention of benefitting from and profiting upon the name and associated goodwill connected with Sussman's Mr. Steam Marks, which is likely to deceive and confuse consumers and, in fact, has deceived and confused consumers.

67.     As a result of Defendants' bad faith conduct, Sussman's labor, skills, expenditures, and good will in the Mr. Steam Marks and brand have been misappropriated by Defendants because consumers now are unsure whether the Mr. Steam Marks represents a high-quality, safe, and reliable product.

68.     Defendants' acts of unfair competition have been and are knowing, willful, intentional, and deliberate and cause harm to the trade and the public at large.

69.     By the acts alleged herein, Defendants are liable for unfair competition under New York common law.

70.     Upon information and belief, by their acts, Defendants have made and will make substantial profits and gains to which they are not in law or equity entitled.

71.     Upon information and belief, unless restrained by this Court, Defendants intend to continue their infringing acts, and will continue to willfully infringe Sussman's rights, and to

14

cause confusion, mistake, and deception, thereby causing immediate and irreparable injury to Sussman for which Sussman has no adequate remedy at law.

72.     Sussman has suffered damages as a proximate result of the infringing acts of Defendants, and is entitled to recover damages in an amount to be determined at trial, along with costs and reasonable attorney's fees.

73.     Sussman is entitled to recover punitive damages in an amount to be determined at trial.

## SIXTH CLAIM FOR RELIEF
### Deceptive Acts and Practices in Violation of New York General Business Law § 349

74.     Sussman hereby incorporates by reference and realleges each and every allegation contained in paragraphs 1 through 73 hereof.

75.     Defendants' aforesaid "bait and switch" scheme deceives consumers, including consumers who reside in New York, by luring them into purchasing Defendants' inferior SteamSpa products under the premise that they will receive a Mr. Steam brand product, and then misleadingly substituting products of inferior quality upon attempted purchase by the consumer, claiming that Mr. Steam products are out of stock.

76.     The drastic difference in quality, safety, and integrity of the products is material to consumers, particularly because, upon information and belief, SteamSpa products have been known to malfunction.

77.     Defendants' deceptive acts have been and are knowing, willful, intentional, and deliberate and cause harm to the trade and the public at large.

78.     Defendants' said conduct constitutes deceptive acts and practices in violation of Section 349 of the New York General Business Law, and has caused public harm to consumers

by depriving them of a superior and safe product and by putting them at risk of product defects and possible injury resulting therefrom.

79.     Upon information and belief, by their acts, Defendants have made and will make substantial profits and gains to which they are not in law or equity entitled.

80.     Upon information and belief, Defendants intend to continue their unlawful acts unless restrained by this Court.

81.     Defendants' acts have caused, and will continue to cause, irreparable injury to Sussman, and Sussman has no adequate remedy at law.

82.     Sussman has suffered damages as a proximate result of the unlawful acts of Defendants, and is entitled to recover damages in an amount to be determined at trial, along with reasonable attorney's fees.

## SEVENTH CLAIM FOR RELIEF
### Trademark Dilution in Violation of New York General Business Law § 360-l *et seq.*

83.     Sussman hereby incorporates by reference and realleges each and every allegation contained in paragraphs 1 through 82 hereof.

84.     Sussman is the owner of the Mr. Steam Marks. By virtue of Sussman's prominent use of the Mr. Steam marks, they have become and continue to be distinctive.

85.     The Mr. Steam Marks have secondary meaning, as the purchasing public has come to know, rely upon, and recognize Sussman's goods and services by the Mr. Steam Marks, and Sussman has established valuable good will therein.

86.     Defendants' bad faith and predatory use of the Mr. Steam Marks in conjunction with selling their inferior SteamSpa products causes a likelihood of injury to Sussman's business reputation and dilution of the distinctive quality of the Mr. Steam Marks, and lessens the capacity of such trademarks to identify and distinguish Sussman's/Mr. Steam's goods and

16

services. Defendants' unlawful use of the Mr. Steam Marks is likely to harm and to tarnish said marks in the minds of consumers, thereby lessening the value of the Mr. Steam Marks as unique identifiers of Sussman and its high-quality, safe, and dependable products bearing such marks.

87.     Defendants' deceptive acts have been and are knowing, willful, intentional, and deliberate and cause harm to the trade and the public at large.

88.     Sussman has been injured by Defendants by its dilution of the Mr. Steam Marks in violation of Section 360-l, *et seq.*, of the New York General Business Law.

89.     Upon information and belief, by their acts, Defendants have made and will make substantial profits and gains to which they are not in law or equity entitled.

90.     Upon information and belief, Defendants intend to continue their unlawful acts, and will continue to willfully infringe the Mr. Steam marks, unless restrained by this Court.

91.     Defendants' acts have caused, and will continue to cause, irreparable injury to Sussman, and Sussman has no adequate remedy at law. Sussman is therefore entitled to injunctive relief as specified below.

## EIGHTH CLAIM FOR RELIEF
### Unjust Enrichment

92.     Sussman hereby incorporates by reference and realleges each and every allegation contained in paragraphs 1 through 91 hereof.

93.     Upon information and belief, Defendants have been and will continue to be unjustly enriched as a result of their failure to observe Sussman's suggested pricing guidelines, because their advertisement of Mr. Steam products at prices lower than those of legitimate re-sellers drives web traffic to the Steam Sauna Depot website, where Defendants never ultimately sell the consumers a Mr. Steam product.

94. Defendants' scheme thereby deprives Sussman of revenues it rightfully should receive by virtue of customers purchasing Mr. Steam products from legitimate re-sellers, and Defendants wrongfully withhold such revenues for their own benefit, to the detriment of Sussman.

95. Defendants' actions have been and are knowing, willful, intentional, and deliberate.

96. Upon information and belief, by their acts, Defendants have made and will make substantial profits and gains to which they are not in law or equity entitled.

97. Upon information and belief, unless restrained by this Court, Defendants intend to continue their unlawful acts, and will continue to willfully advertise Mr. Steam products at below suggested prices in order to divert customers to the Steam Sauna Depot website.

98. Defendants' acts have caused, and will continue to cause, irreparable injury to Sussman, and Sussman has no adequate remedy at law.

99. Sussman has suffered damages as a proximate result of the unlawful acts of Defendants, and is entitled to recover damages in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Sussman respectfully demands that judgment be entered granting the following relief:

1. Finding that Defendants have engaged in trademark infringement in violation of Section 32 of the Lanham Act (15 U.S.C. § 1114(1)); unfair competition, false designation of origin, and false advertising in violation of Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)(1)(A), (B)); trademark infringement under New York common law; unfair competition under New York common law; deceptive acts and practices in violation of New York General

Business Law § 349; trademark dilution in violation of New York General Business Law § 360-l

*et seq.*; and unjust enrichment under New York common law.

2.     Granting an injunction preliminarily and permanently enjoining and restraining

Defendants, and all their officers, agents, servants, employees, attorneys, successors or assigns,

and all persons acting in concert or participation with it or them, from:

a.     Using any of the Mr. Steam Marks on or in connection with the sale of any goods not made and/or authorized by Sussman;

b.     Advertising, selling, or purporting to advertise or sell Mr. Steam products or any other products manufactured, distributed, sold, or re-sold by Sussman, or any products bearing the Mr. Steam Marks or marks confusingly similar thereto;

c.     Displaying any Mr. Steam products, Mr. Steam Marks, and any promotional materials therefor on Defendants' website, www.steamsaunadepot.com, or on any other website not owned or authorized by Sussman;

d.     Engaging in any course of conduct likely to cause confusion, deception, or mistake, or to injure Sussman's business reputation or dilute or tarnish the quality of the Mr. Steam Marks;

e.     Using a false description or representation including words or other symbols tending falsely to advertise, describe, or represent Spa World's goods as being those of Sussman's or sponsored by or associated with Sussman or the Mr. Steam brand and from offering such goods in commerce;

f.     Making any statement or representation whatsoever, or using any false designation of origin or false description, or performing any act, which can or is likely to lead the trade or public, or any individual member thereof, to believe that any products manufactured, distributed, or sold by Defendants are in any manner associated or connected with Sussman or the Mr. Steam brand, or are sold, manufactured, licensed, sponsored, or approved by Sussman; and

g.     Secreting, destroying, altering, removing, or otherwise dealing with the unauthorized products or any books or records which contain any information relating to the manufacture, importation, advertising, offer for sale, sale or distribution of the unauthorized products.

3.     Directing Defendants to pay damages and account to Sussman for profits arising

from the conduct complained of herein, pursuant to 15 U.S.C. § 1117; and awarding profits,

damages, and fees, to the full extent available pursuant to sections 349 and 360-1 of the New York General Business Law; and compensatory and punitive damages to the full extent available under the common law.

4.    Requiring Defendants to deliver up to Sussman for destruction or other disposition all remaining Mr. Steam inventory, if any, and any products, labels, advertisements and/or promotional materials bearing the Mr. Steam Marks, or any marks confusingly similar thereto, and all means of making the same pursuant to 15 U.S.C. § 1118.

5.    Requiring Defendants to notify each customer who received a SteamSpa product in lieu of a Mr. Steam product that the product was not a genuine Mr. Steam brand product, and to pay for the cost of a genuine Mr. Steam product, as well as the parts and accessories to be used in conjunction therewith, and any reinstallation or repair necessitated by the customer's purchase, use, or installation of a SteamSpa product, to be performed by Sussman or its designee, that any such customer may request.

6.    Requiring Defendants to disseminate corrective advertisements in a form approved by the Court to acknowledge their violations of section 43(a) of the Lanham Act, Sections 349, and 360-1, *et seq.* of the New York General Business Law, and the common law of unfair competition and contract, and to ameliorate the false and deceptive impressions produced by such violations.

7.    Directing such other relief as the Court may deem appropriate to protect the trade and public from any erroneous impression that the products manufactured, sold, or otherwise circulated by Defendants were authorized by Sussman or related in any way to the Mr. Steam brand of products.

8.    Awarding Sussman its reasonable attorney's fees and investigatory fees and expenses, taxable costs, and disbursements of this action, pursuant to 15 U.S.C. § 1117, in view of Defendants' willful infringements.

9.    Awarding Sussman pre-judgment interest on any monetary award made part of the judgment against Defendants.

10.   Granting such other and further relief as the Court shall deem appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, plaintiff Sussman-Automatic Corp. demands a trial by jury on all issues so triable in this action.

Dated: New York, New York
       December 26, 2013

                           COWAN, DeBAETS, ABRAHAMS
                           & SHEPPARD LLP


                    By: _____
                           Scott J. Sholder

                           41 Madison Avenue, 34th Floor
                           New York, New York 10010
                           Telephone: (212) 974-7474
                           Facsimile: (212) 974-8474
                           ssholder@cdas.com

                           *Attorneys for Plaintiff Sussman-Automatic Corp.*

# EXHIBIT 1

# United States Patent Office

808,040
Registered May 10, 1966

## PRINCIPAL REGISTER
### Trademark

Ser. No. 168,273, filed May 7, 1963



Automatic Steam Products Corporation (New York corporation)
3 W. 61st St.
New York 23, N.Y.

For: STEAM GENERATOR UNITS FOR STEAM BATHS, in CLASS 21.
First use Apr. 26, 1963; in commerce Apr. 26, 1963.
Owner of Reg. No. 742,974.

Int. Cl.: 11

Prior U.S. Cls.: 13, 21, 23, 31, and 34

**United States Patent and Trademark Office**

Reg. No. 3,142,707
Registered Sep. 12, 2006

### TRADEMARK
### PRINCIPAL REGISTER

# MR. STEAM

SUSSMAN-AUTOMATIC CORPORATION (NEW YORK CORPORATION)
43-20 34TH STREET
LONG ISLAND CITY, NY 11101

FOR: STEAMBATHS, STEAMROOMS, SAUNAS, AND ELECTRIC AND HOT WATER HEATED TOWEL WARMERS, IN CLASS 11 (U.S. CLS. 13, 21, 23, 31 AND 34).

FIRST USE 3-8-2006; IN COMMERCE 3-8-2006.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

OWNER OF U.S. REG. NOS. 808,040 AND 2,308,770.

SN 76-620,642, FILED 11-12-2004.

AMY GEARIN, EXAMINING ATTORNEY

Int. Cl.: 11

Prior U.S. Cls.: 13, 21, 23, 31, and 34

Reg. No. 3,286,990

United States Patent and Trademark Office    Registered Aug. 28, 2007

TRADEMARK
PRINCIPAL REGISTER

mr.steam

SUSSMAN-AUTOMATIC CORPORATION (NEW
   YORK CORPORATION)
43-20 34TH STREET
LONG ISLAND CITY, NY 11101

FOR: STEAMBATHS, STEAMROOMS, SAUNAS,
AND ELECTRIC AND HOT WATER HEATED TO-
WEL WARMERS, IN CLASS 11 (U.S. CLS. 13, 21, 23, 31
AND 34).

FIRST USE 7-31-2006; IN COMMERCE 7-31-2006.

OWNER OF U.S. REG. NOS. 808,040 AND 2,308,770.

SN 78-727,768, FILED 10-6-2005.

JOANNA DUKOVCIC, EXAMINING ATTORNEY