UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
SUSSMAN-AUTOMATIC CORP.,

                              Plaintiff,

                                                      Case No. 13 -cv-07352(ADS)(AKT)

          - against -
SPA WORLD CORPORATION d/b/a STEAM
SAUNA DEPOT, JOSEPH SCHWARTZ, an
individual, and IRA SCHWARTZ, an individual,

                              Defendants.
------------------------------------------------------------x


# MEMORANDUM OF LAW
# IN SUPPORT OF DEFENDANTS'
# MOTION TO DISMISS THE COMPLAINT


STAHL & ZELMANOVITZ
*Attorneys for Defendants*
747 Third Avenue, Suite 33B
New York, New York 10017
(212) 826-6422
Facsimile: (212) 826-6402
Joezelmanovitz@aol.com

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

PRELIMINARY STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

ARGUMENT

I.  THE FIRST, FOURTH AND FIFTH CLAIMS
FOR RELIEF ALLEGING TRADEMARK
INFRINGEMENT AND UNFAIR COMPETITION
SHOULD BE DISMISSED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

II.  THE SECOND CLAIM FOR RELIEF
ALLEGING FALSE DESIGNATION
OF ORIGIN SHOULD BE DISMISSED . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

III.  THE THIRD CLAIM FOR RELIEF
ALLEGING FALSE ADVERTISING
OF ORIGIN SHOULD BE DISMISSED . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

IV.  THE SIXTH CLAIM FOR RELIEF
ALLEGING DECEPTIVE ACTS AND
PRACTICES UNDER N.Y. GEN. B. LAW
§349 SHOULD BE DISMISSED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

V.  THE SEVENTH CLAIM FOR RELIEF
ALLEGING TRADEMARK DILUTION UNDER
N.Y. GEN. B. LAW §360-1 SHOULD BE DISMISSED . . . . . . . . . . . . . . . 14

VI.  THE EIGHTH CLAIM FOR RELIEFALLEGING
UNJUST ENRICHMENT SHOULD BE DISMISSED . . . . . . . . . . . . . . . . . 15

VII.  THE COMPLAINT SHOULD BE DISMISSED FOR
THE FAILURE TO PLEAD THE UNDERLYING
CIRCUMSTANCES WITH THE PARTICULARITY
REQUIRED BY RULE 9(b) OF THE FEDERAL
RULES OF CIVIL PROCEDURE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

VIII.   WITH THE DISMISSAL OF THE FEDERAL
CLAIMS, THE COURT SHOULD DECLINE TO
EXERCISE SUPPLEMENTAL JURISDICTION
OVER THE STATE-LAW CLAIMS .............................. 17

CONCLUSION ........................................................... 18

ii

## TABLE OF AUTHORITIES

<u>**Cases**</u>                                                                                            <u>**Page**</u>

*Ashcroft v. Iqbal,* 556 U.S. 662, 129 S. Ct. 1937,
173 L. Ed. 2d 868 (2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 17

*Baden Sports, Inc. v. Molten USA, Inc.* 556 F. 3d 1300
(Fed. Cir.), *cert. denied*, 558 U.S. 822, 130 S. Ct. 111,
175 L. Ed. 2d 33 (2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Barr Labs., Inc. v. Quantum Pharmics, Inc.*, 827 F. Supp. 111
(E.D.N.Y. 1993) (Glasser, J.) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16, 17

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955,
167 L. Ed. 2d 929 (2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 8, 17

*Briarpatch Ltd. v. Phoenix Pictures, Inc.*, 373 F.3d 296,
(2d Cir. 2004), *cert. denied*, 544 U.S. 949, 125 S. Ct. 1704,
161 L. Ed. 2d 525 (2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Clement v. United Homes, LLC*, 914 F. Supp. 2d 362 (E.D.N.Y. 2012) . . . . . . . . . . . . . . . . . . 18

*Deere & Co. v. MTD Prods., Inc.*, 41 F.3d 39 (2d Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*ESPN, Inc. v. Quicksilver, Inc.*, 586 F. Supp. 2d 219 (S.D.N.Y. 2008) . . . . . . . . . . . . . . . . . . . . 9

*Gruner + Jahr USA Publ'g v. Meredith Corp.*, 991 F.2d 1072
(2d Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Hormel Foods Corp. v. Jim Henson Productions, Inc.,* 73 F.3d 497
(2d Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Jeffrey Milstein, Inc. v. Greger, Lawlor, Roth, Inc.*, 58 F.3d 27
(2d Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Jewish Sephardic Yellow Pages, Ltd. v. DAG Media, Inc.*,
478 F. Supp. 2d 340 (E.D.N.Y. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Klauber Bros. v. Russell-Newman, Inc.*,  No. 11 Civ. 4985 (PGG),
2013 U.S. Dist. LEXIS 42758 (S.D.N.Y., Mar. 26, 2013),
*aff'd*, 2014 U.S. App. LEXIS 3168 (2d Cir., Feb. 21, 2014) . . . . . . . . . . . . . . . . . . . . . . . . . 12

*LaChapelle v. Fenty*, 812 F. Supp. 2d 434 (S.D.N.Y. 2011) .............................. 9

*Lipton v. Nature Co.*, 71 F.3d 464 (2d Cir. 1995) .................................... 12

*Luv N' Care, Ltd. v. Walgreen Co.*, 695 F. Supp. 2d 125
(S.D.N.Y. 2010) ...................................................... 14

*Nat'l Basketball Ass'n v. Motorola, Inc.*, 105 F.3d 841 (2d Cir. 1997) .................... 12

*Nat'l Distillers. Prods. Co. LLC v. Refreshment Brands, Inc.*,
198 F. Supp. 2d 474, (S.D.N.Y. 2002) ................................................ 14

*New York Stock Exchange, Inc. v. New York, New York Hotel, LLC*,
293 F.3d 550 (2d Cir. 2002) ...................................................... 15

*Pearson Educ., Inc. v. Boundless Learning, Inc.*, 919 F. Supp. 2d 434
(S.D.N.Y. 2013) ...................................................... 12

*Perkins School for the Blind v. Maxi-Aids, Inc.*,
274 F. Supp. 2d 319 (E.D.N.Y. 2003) (Spatt, J.) .................................... 14

*Playtex Prods., Inc. v. Georgia-Pacific Corp.*, 390 F.3d 158 (2d Cir. 2004)  ............. 9, 14

*Polaroid Corp. v. Polarad Elects. Corp.*, 287 F.2d 492 (2d Cir. 1961)  .................... 9

*Ritani, LLC v. Aghjayan*, 880 F. Supp. 2d 425 (S.D.N.Y. 2012) .......................... 9

*Sally Gee, Inc. v. Myra Hogan, Inc.*, 699 F.2d 621 (2d Cir. 1983)  ....................... 15

*Sanderson v. Brugman*, No. IP 00-459-C H/G,
2001 U.S. Dist. LEXIS 8309 (S.D. Ind., May 29, 2001) ................................ 16

*S.C. Johnson & Son, Inc. v. Clorox Co.*, 241 F.3d 232 (2d Cir. 2001)  ................... 12

*Smith v. Chase Manhattan Bank, USA, N.A.*, 293 A.D.2d 598,
741 N.Y.S.2d 100 (2d Dep't 2002) ................................................ 16

*Societe des Hotels Meridien v. LaSalle Hotel Operating P'ship, L.P.*,
380 F.3d 126 (2d Cir. 2004) ...................................................... 12

*Spiel Assocs. v. Gateway Bookbinding Sys., Ltd.*,
No. 03-CV-4696 (FB)(RLM), 2010 U.S. Dist. LEXIS 13167
(E.D.N.Y., Feb. 16, 2010) ...................................................... 12, 13

iv

*Starbucks Corp. v. Wolfe's Borough Coffee, Inc.*, 588 F.3d 97
(2d Cir. 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14, 15

*Textile Deliveries, Inc. v. Stagno*, No. 90-civ.-2020 (JFK),
1990 U.S. Dist. LEXIS 13309 (S.D.N.Y., Oct. 9, 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*U-Neek, Inc. v. Wal-Mart Stores, Inc.*, 147 F. Supp. 2d 158
(S.D.N.Y. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Virgin Enters. Ltd., v. Nawab*, 335 F.3d 141 (2d Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . 7

**Statutes & Rules**

Fed. R. Civ. P. 8 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

Fed. R. Civ. P. 9(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 3, 8, 16, 17

Fed. R. Civ. P. 12(b)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 3

Fed. R. Civ. P. 12(b)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 2, 3, 4, 8

N.Y. Gen. Bus. L. §349 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 13, 14

N.Y. Gen. Bus. L. §360-1 *et seq.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 14, 15

15 U.S.C. §1114(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

15 U.S.C. §1125(a)(1)(A) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 11

15 U.S.C. §1125(a)(1)(B) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 13

28 U.S.C. § 1367( c)(3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 3, 17

Defendants Spa World Corporation d/b/a Steam Sauna Depot ("Spa World"), Joseph

Schwartz, and Ira Schwartz (collectively, "defendants") respectfully submit this memorandum of

law in support of their motion, pursuant to Rules 12(b)(6) and 9(b) of the Federal Rules of Civil

Procedure, to dismiss the complaint filed by plaintiff Sussman-Automatic Corp. ("Sussman"). By

this motion, defendants also move to dismiss the action pursuant to Fed. R. Civ. P. 12(b)(1) for

lack of subject matter jurisdiction, as follows: Independent of the grounds for dismissing the

state-law claims alleged in the complaint pursuant to Fed. R. Civ. P. 12(b)(6) for the failure to

state a claim for relief, defendants request that if the Court dismisses the federal claims alleged in

the complaint, that the Court then decline to exercise supplemental jurisdiction over the state-law

claims pursuant to 28 U.S.C. § 1367( c)(3).

## **Preliminary Statement**

Notwithstanding the eight separate claims for relief set forth in Sussman's complaint,

there is only one underlying scenario alleged: that defendants allegedly perpetrated a "bait-and-

switch" scheme by which customers were supposedly diverted to Spa World's products when

they contacted Spa World to purchase Sussman's products.  None of the claims alleged in the

complaint, however, either factually or as a matter of law, gives rise to any claim for relief.

There are no facts alleging that Spa World was somehow prohibited from selling Sussman's

products; indeed, the factual allegations of the complaint do not take issue with Spa World

advertising Sussman's products for sale on Spa World's website.  The complaint does not plead

that Sussman or any customer was unaware that Spa World sold its own products as well as

Sussman's and other manufacturers' spa/steam products.  To the contrary, the complaint alleges

that many manufacturers were listed on Spa World's website whose products were for sale.  The

complaint also does not allege that when defendants allegedly referred a customer to a Spa World

product after the customer had initially requested a Sussman product, that defendants' statement that the Sussman product was not in stock or was not readily available to be delivered to the customer as the customer had requested was in fact not true.

Thus, the complaint provides no factual basis from which it can be claimed that a "bait-and-switch" program was in place. Given this backdrop, each of the claims for relief asserted in the complaint is dismissible for the following reasons, pursuant to Rule 12(b)(6).

The trademark infringement claims, the First and Fourth claims for Relief, and the Fifth Claim for Relief alleging unfair competition, should be dismissed because, based on the allegations of the complaint, there is no possibility of confusion between Sussman's mark and Spa World's mark. In fact, the allegations of the complaint point to the contrary. Moreover, the complaint does not even describe Spa World's mark.

The Second Claim for Relief, alleging false designation of origin under the Lanham Act, is dismissible because the allegations of the complaint show that confusion regarding the origin of Spa World's goods, like the trademark infringement claims, is a virtual impossibility.

The Third Claim for Relief alleges false advertising under the Lanham Act. But there is no factual allegation in the complaint of an advertisement published by Spa World that in any way misrepresents the characteristics or qualities or origin of Spa World's or Sussman's goods, as required in order to state a claim for false advertising under the Lanham Act.

Sussman's §349 claim under the New York General Business Law, the Sixth Claim for Relief, should be dismissed because there is no allegation of a specific and substantial injury to the public interest over and above ordinary trademark infringement or dilution, and the complaint, at most, alleges only general consumer confusion.

Sussman's §360-1 claim under the New York General Business Law, the Seventh Claim for Relief, should be dismissed because there is no likelihood of dilution of Sussman's trademark under the allegations of the complaint.  Moreover, New York law does not permit a dilution claim unless the marks of the two companies are "substantially" similar.  In this complaint, it is not alleged that the marks are even remotely similar.  The complaint does not even describe Spa World's mark.

Finally, the Eighth Claim for Relief, for unjust enrichment, should be dismissed because the complaint does not allege that Sussman, as opposed to non-parties, conferred a benefit on Spa World.  Spa World was in no way enriched by Sussman.

Sussman's claims should also be dismissed pursuant to Rule 9(b) of the Federal Rules of Civil Procedure because the circumstances underlying the claims are not pleaded with the particularity required by this Rule.  While it is unclear whether the heightened pleading requirements of Rule 9(b) apply to Lanham Act claims, and the Second Circuit has not addressed the issue, the Eastern District has applied Rule 9(b) to misrepresentation claims brought within claims under the Lanham Act.  Given the paucity of the detail contained in this complaint when measured against the fraud-like charges alleged, we respectfully suggest that the Court apply the pleading standards of Rule 9(b) to this case and, accordingly, dismiss the complaint.  Indeed, we suggest that this complaint does not even satisfy Rule 8(a)'s pleading requirements, as this Rule has been construed by recent Supreme Court precedent.

Spa World also moves to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(1), and 28 U.S.C. §1367(c)(3).  Independent of the Rule 12(b)(6) grounds for dismissal of the state-law claims asserted in the complaint, if the Court dismisses the federal claims it should decline to

3

exercise supplemental jurisdiction over those state-law claims.

## Statement of Facts

On a motion to dismiss pursuant to Rule 12(b)(6), the Court accepts as true allegations of fact so long as they establish a claim for relief that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).  Therefore, we set forth below, without in any way admitting, the relevant allegations of the complaint for purposes of this motion to dismiss.

The complaint alleges that Sussman is a New York corporation located in Long Island City, New York, which manufactures a "Mr. Steam" brand of steam shower and spa products. Complt. ¶¶ 6, 12.  Sussman (self-servingly) alleges that its "Mr. Steam" residential and commercial steam shower and spa equipment is "considered a premium, top-of-the-line brand," comparable "to other high-end brands such as Amerec and Steamist." *Id.* ¶ 14.  Sussman further alleges that its Mr. Steam products are sold through thousands of re-sellers around the world. *Id.* ¶ 15.  Sussman acknowledges that Spa World sells Sussman's products. *Id.* ¶ 19.  Sussman also alleges that it owns three "incontestable trademark registrations in the U.S. Patent and Trademark Office for variations of the trademark "MR. STEAM." *Id.* ¶ 16.  Sussman claims that "[t]he goodwill symbolized by the Mr. Steam Marks is of incalculable value." *Id.* ¶ 17.

The complaint alleges that Spa World, a Delaware corporation located in Valley Stream, New York, operates a website based out of Inwood, New York, and is related to Steam Sauna Depot *Id.* ¶ 7.  The complaint alleges that Spa World, through Steam Sauna Depot, "sells and distributes its products throughout the United States. *Id.* ¶ 8.  Its principal officers are alleged to be defendants Ira Schwartz and Joseph Schwartz. *Id.* ¶ 9.  On its Steam Sauna Depot website,

4

Spa World offers for sale "its own brand of product called SteamSpa, and other brands, including

Sussman's Mr. Steam, Amerec, Kohler, Steamist, and Thermasol. *Id.* ¶¶ 18-19.

  The complaint alleges that "when a customer orders a Mr. Steam product, a Spa

World/Steam Sauna Depot employee contacts that customer to tell them that the Mr. Steam

product is not in stock.  The employee then tells the customer that Steam Sauna Depot does stock

the same type of product under Spa World's own "SteamSpa" brand name, and encourages the

customer to purchase the cheaper SteamSpa product instead.  The Spa World-Steam Sauna Depot

employee falsely claims that SteamSpa is a superior product to Mr. Steam." *Id.* ¶ 20.  The

complaint does not allege that the statement allegedly made by the employee, that "the Mr. Steam

product is not in stock," is false.  Nor is the allegation of the employee's alleged statement that

he told the customer that "Steam Sauna Depot does stock the same type of product under Spa

World's" own brand name, alleged to be false.  Indeed, the complaint admits that Spa World

sells a "comparable" product. *Id.* ¶ 24.  And while the complaint states without any elaboration

that the employee allegedly told the customer "that SteamSpa is a superior product," the

complaint does not provide any details explaining how the Spa World product is not "superior,"

or how it is "inferior," with respect to *this* alleged statement so as to make it false.  Indeed, the

complaint admits that the Spa World product is superior as far as the price is concerned: "a

comparable SteamSpa product is, indeed, cheaper than its Mr. Steam counterpart." *Id.*  In any

event, on its face this allegation constitutes no more than typical sales puffery.

  The complaint also fails to allege (i) how many sales of the Mr. Steam products *were*

actually made by Spa World, or (ii) in how many instances it was suggested that a customer

purchase a Spa World product instead.  The complaint merely alleges, without any elaboration,

that "[n]umerous customers looking to purchase a Mr. Steam product have fallen victim...." *Id.* ¶ 25.  The complaint also does not allege (i) whether and how often the Mr. Steam product was out of stock, or (ii) whether the Mr. Steam products also malfunction, at least occasionally.  In other words, the complaint does not provide any notice of which sales were diverted or the extent of the alleged diversion (*i.e.*, one sale; two? one percent?).

Consistent with its studied lack of detail, the complaint alleges in conclusory fashion that "Sussman's business has suffered because its authorized re-sellers of Mr. Steam products are losing significant sales..." *Id.* ¶ 27.  Not an iota of information is provided showing the extent of such purported lost sales.

The complaint also alleges that Sussman has a minimum advertised pricing policy, pursuant to which re-sellers cannot advertise Mr. Steam products below a specified price, and that defendants are able to attract all comparison shoppers by offering a lower price.  *Id.* ¶ 29. The purported wrongdoing in such a practice is mystifying.  It is called "competition."  Spa World has every legal right to advertise its own products at a price below anyone else's.  Sussman knew at all times that Spa World's products are sold for a lower price than Sussman's products; it admits as much.  *See* Complaint ¶¶ 24, 29.

Finally, Sussman alleges, again in conclusory fashion, that defendants advertised Mr. Steam products "that they had no intention of selling...."  There are no facts supporting this bald assertion.  Indeed, Sussman does not allege that no sales of Sussman's products were made by Spa World, for Sussman knows full well that Sussman's products *were* sold by Spa World.  This illustrates the deficiency in the complaint insofar as articulating the precise sales at issue here, or at least providing notice of the extent of the activity Sussman complains of.

From the complaint's vague description of an amorphous "bait-and-switch" scheme, Sussman attempts to plead eight causes of action:  (1) First Claim for Relief for trademark infringement under the Lanham Act, 15 U.S.C. §1114(1); (2) Second Claim for Relief for false designation of origin and unfair competition under the Lanham Act, 15 U.S.C. §1125(a)(1)(A); (3) Third Claim for Relief for false advertising under the Lanham Act, 15 U.S.C. §1125(a)(1)(B); (4) Fourth Claim for Relief for common law trademark infringement; (5) Fifth Claim for Relief for common law unfair competition; (6) Sixth Claim for Relief for deceptive acts and practices under N.Y. Gen. Bus. L. §349; (7) Seventh Claim for Relief for trademark dilution under N.Y. Gen. Bus. L. §360-1 *et seq.*; and (8) Eighth Claim for Relief for unjust enrichment.

## ARGUMENT

### I.

### THE FIRST, FOURTH AND FIFTH CLAIMS FOR RELIEF ALLEGING TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION SHOULD BE DISMISSED

One thing should be obvious from the "factual" allegations of the complaint: this case has nothing to do with trademark infringement.

> In order to prevail in an action for trademark infringement ... a party must establish under the two-prong test of *Gruner + Jahr USA Publ'g v. Meredith Corp.*, 991 F.2d 1072 (2d Cir. 1993), (1) that it possesses a valid, legally protectable trademark and (2) that the junior user's mark is likely to cause confusion as to the origin or sponsorship of the product at issue.

*Virgin Enters. Ltd.,  v. Nawab*, 335 F.3d 141, 146 (2d Cir. 2003) (citing *Gruner*, 991 F.2d at 1074). *Accord, Jewish Sephardic Yellow Pages, Ltd. v. DAG Media, Inc.*, 478 F. Supp. 2d 340, 356 (E.D.N.Y. 2006).

7

The first part of this test, legally protectable trademarks, is not the subject of this motion, for an analysis of that issue is not necessary in order to dismiss the claims. The claims should be dismissed because Sussman fails to allege any facts showing a likelihood of confusion between the parties' marks, the second necessary element for an infringement claim. There is no description of Spa World's mark. And a plain reading of the complaint *contradicts* the notion that customers will be confused between the parties' marks: The complaint alleges that (i) Spa World tells the customer about its own products, which are sold under its own "SteamSpa" brand name, Complaint ¶ 20, (ii) several identified, different brands are offered for sale by Spa World, *id.* ¶ 19, and (iii) Spa World allegedly sells its own products *instead of* – not as if they were – Mr. Steam products, *id.* ¶ 20. There is no "confusion" alleged: what is alleged is the consumer allegedly being told that it can have a different brand than the one it had called for -- an allegation that Spa World denies but that fails to state a claim in any event.

Although as a general rule on a motion to dismiss the "facts" alleged in a complaint are to be accepted as true, in order to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), for failure to state a claim for relief, the complaint must contain "sufficient factual matter, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955 (2007). Here, given the allegations of paragraphs 19-20 of the complaint, any claim of customer confusion is implausible. Of course, the complaint fails utterly to satisfy the heightened pleading requirements of Fed. R. Civ. P. 9(b), which we explain below in Point VII.

8

Even putting aside the allegations of the complaint that directly refute the notion of consumer confusion, Sussman's claims do not allege any facts by which to employ the eight-part test for determining the likelihood of confusion in trademark infringement cases espoused by the Second Circuit *in Polaroid Corp. v. Polarad Elects. Corp.*, 287 F.2d 492, 495 (2d Cir. 1961); (1) the mark's strength; (2) the degree of similarity between the two marks; (3) the proximity of the products; (4) the likelihood that the first trademark owner will bridge the gap; (5) actual confusion; (6) the reciprocal of defendant's good faith in adopting its mark; (7) the quality of defendant's product; and (8) customer sophistication.  Sussman's complaint does not even attempt to engage in such a pleading, nor could it, given what Sussman alleges in its "bait-and-switch" allegations.

The elements of a claim for common law infringement (the Fourth Claim for Relief) and unfair competition (the Fifth Claim for Relief) are the same as those stated under the Lanham Act.  Such claims must plead a valid protectable mark "and a likelihood of confusion between the marks of the alleged infringer and the charging party." *Ritani, LLC v. Aghjayan*, 880 F. Supp. 2d 425, 448 (S.D.N.Y. 2012). *See ESPN, Inc. v. Quicksilver, Inc.*, 586 F. Supp. 2d 219 (S.D.N.Y. 2008). *See also Jeffrey Milstein, Inc. v. Greger, Lawlor, Roth, Inc.*, 58 F.3d 27, 34 (2d Cir. 1995) (claim for unfair competition under New York common law requires bad faith misappropriation of the labors of another likely to cause confusion as to the origin of the goods); *LaChapelle v. Fenty*, 812 F. Supp. 2d 434, 444 (S.D.N.Y. 2011) (actual or likelihood of confusion is required for unfair competition claim).

Therefore, the claim for unfair competition should be dismissed like the infringement claims.  As stated by the Second Circuit: "Where marks are too dissimilar to support a claim for

9

trademark infringement, they are likewise too dissimilar to support claims for unfair

competition..." *Playtex Prods., Inc. v. Georgia-Pacific Corp.,* 390 F.3d 158, 167 (2d Cir. 2004).

The unfair competition claim makes absolutely no sense. In the claim, the complaint

alleges that defendants are "passing off" their products as those of Sussman. Complaint ¶ 66. To

the contrary, according to the factual allegations of the complaint, Spa World specifically informs

customers that the product being sold is a Spa World product, not a Sussman product. Id. ¶ 20.

In the absence of any likelihood of confusion or actual confusion, Sussman's claims for

trademark infringement and unfair competition should be dismissed.

## II.

### THE SECOND CLAIM FOR RELIEF
### ALLEGING FALSE DESIGNATION
### OF ORIGIN SHOULD BE DISMISSED

Because the parties' marks are not alleged to be similar so as to support a claim for

infringement, "they are likewise too dissimilar to support a claim for false designation of origin."

*Playtex Prods., Inc., supra.*

As with Sussman's infringement claims, its claim alleging false designation of origin

under the Lanham Act is similarly predicated on Sussman's claim of customer confusion "as to

the affiliation, connection, or association of their inferior SteamSpa products with Mr. Steam

products or as to the origin, sponsorship, or approval of Defendants' goods, services or

commercial activities..." Complaint ¶ 41. Again, this conclusory allegation is belied by the

earlier factual allegations of the complaint, incorporated by reference in the claim, that Spa

World offers for sale a variety of products – not just Mr. Steam – including Amerec, Kohler,

Steamist, Thermasol, as well as its own brand. Complaint ¶ 19. Were Sussman's claim to be

accepted on face value, then no manufacturer of Brand X could sell a competitor's brand because customers would automatically assume that the latter approves of its association with the former. That is not the law.

Moreover, and again, the allegations of the complaint directly refute Sussman's claim. The complaint alleges that Spa World engaged in a "bait-and-switch scheme," whereby Spa World allegedly told customers that it has its own brand name and they should choose that over the Mr. Steam product. *Id.* ¶ 20.  That does not manifest an endorsement or affiliation by Sussman; to the contrary, according to the complaint, customers are told to reject Sussman's brand.  Under those *alleged* circumstances, how could a customer possibly be confused into believing that Sussman has somehow adopted the Spa World brand as its own?

A claim for false origin under section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. §1125(a)(1)(A), requires that a commercial representation be likely to cause confusion "as to the origin" of the goods.  *Baden Sports, Inc. v. Molten USA, Inc.* 556 F. 3d 1300, 1306 (Fed. Cir.), *cert. denied*, 558 U.S. 822, 130 S. Ct. 111, 175 L. Ed. 2d 33 (2009).  Under the scenario painted by this complaint, such confusion is an impossibility.  The complaint is clear that Spa World was passing off its own goods as Spa World goods, not as Sussman's goods.

### III.

### THE THIRD CLAIM FOR RELIEF
### ALLEGING FALSE ADVERTISING
### OF ORIGIN SHOULD BE DISMISSED

A claim under the Lanham Act for false advertising requires allegations that "(1) the advertisement is literally false..., or (2) although the advertisement is literally true, it is likely to deceive or confuse consumers."

11

*Societe des Hotels Meridien v. LaSalle Hotel Operating P'ship, L.P.*,  380 F.3d 126, 132 (2d Cir. 2004) (*quoting Lipton v. Nature Co.,* 71 F.3d 464, 474 (2d Cir. 1995)); *Pearson Educ., Inc. v. Boundless Learning, Inc.*, 919 F. Supp. 2d 434, 437 (S.D.N.Y. 2013).

Neither of these requisites is pleaded in the complaint.  The complaint does not allege anything that is false about any Spa World advertisement, and, as we show above, there is no likelihood of confusion by customers.  Therefore, this claim should be dismissed.

Moreover, in order for the advertisement to be deemed "false" in violation of the Lanham Act, the alleged false representation must be material; *i.e.*, it must "misrepresent[ ] an inherent quality or characteristic of the product." *S.C. Johnson & Son, Inc. v. Clorox Co.*, 241 F.3d 232, 238 (2d Cir. 2001) (*quoting Nat'l Basketball Ass'n v. Motorola, Inc.*, 105 F.3d 841, 855 (2d Cir. 1997)). *Accord, Spiel Assocs. v. Gateway Bookbinding Sys., Ltd.*, No. 03-CV-4696 (FB)(RLM), 2010 U.S. Dist. LEXIS 13167, at *30 (E.D.N.Y., Feb. 16, 2010).    Thus, Sussman's false advertising claim also should be dismissed because there is no factual allegation that Spa World's advertising misrepresents the characteristics or qualities or origin of its goods or that of Sussman's.

In addition, the complaint does *not* allege that when a customer orders an advertised Mr. Steam product a Spa World product is *automatically* shipped to the customer instead. *Cf. Klauber Bros. v. Russell-Newman, Inc.*,  No. 11 Civ. 4985 (PGG), 2013 U.S. Dist. LEXIS 42758, at * 26-30 (S.D.N.Y., Mar. 26, 2013), *aff'd*, 2014 U.S. App. LEXIS 3168 (2d Cir., Feb. 21, 2014) (unpublished op.).  Rather, the complaint alleges that Spa World tells the customer that it does not have the Mr. Steam product and will instead send a *different* product if the customer wishes, *i.e.*, its own brand.

The complaint also does not allege that Spa World *advertises* that its product is "superior" to the Mr. Steam product.  A claim under 15 U.S.C. §1125(a)(1)(B) expressly requires that there be a misrepresentation "in commercial advertising or promotion."  There is none alleged here.

To the extent the complaint alleges that a Spa World employee tells the customer that Spa World's product is "superior" to that of Sussman's, Complt. ¶ 20, the complaint does not allege that such a statement appears in any advertisement, for it does not.  In any event, even if such a statement were made in a Spa World ad, such "subjective claims about products" are not actionable under the Lanham act.  *Spiel Assocs.*, 2010 U.S. Dist. LEXIS 13167, at *30-31 (*quoting Lipton*, 71 F.3d at 474).  Such a statement constitutes mere sales "puffery," which "is distinguishable from misdescriptions or false representations of specific characteristics of a product ... [I]t is quintessential sales talk ... to be discounted by the buyer." *Id.*  Spa World, of course, disputes that its products are "inferior" to Sussman's products, as alleged by Sussman in its complaint.  But whether Sussman's factual allegation is true or false is not the point.  The point is that Sussman's claim is not cognizable as a matter of law.

## IV.

### THE SIXTH CLAIM FOR RELIEF
### ALLEGING DECEPTIVE ACTS AND PRACTICES
### UNDER N.Y. GEN. B. LAW §349 SHOULD BE DISMISSED

Sussman's GBL §349 claim suffers from a number of legal defects.

First, to the extent the claim relies on the same conclusory allegations as the preceding claims, it is dismissible for the same reasons.

13

Second, infringement claims, in order to be cognizable under GBL §349, must allege "a specific and substantial injury to the public interest" beyond "ordinary trademark infringement or dilution." *Nat'l Distillers. Prods. Co. LLC v. Refreshment Brands, Inc.*, 198 F. Supp. 2d 474, 486-87 (S.D.N.Y. 2002); *U-Neek, Inc. v. Wal-Mart Stores, Inc.*, 147 F. Supp. 2d 158, 176 (S.D.N.Y. 2001).  There are no such allegations in the complaint – even conclusory ones, let alone *factual* ones.

Second, at most, the complaint alleges only general consumer confusion, which does not constitute an allegation of direct harm to consumers as required by §349. *Perkins School for the Blind v. Maxi-Aids, Inc.*, 274 F. Supp. 2d 319, 327 (E.D.N.Y. 2003) (Spatt, J.). *See Luv N' Care, Ltd. v. Walgreen Co.*, 695 F. Supp. 2d 125, 135-36 (S.D.N.Y. 2010) (dismissing §349 claim based on "bait-and-switch" allegations because such allegations do not plead "a specific and substantial injury to the public interest over and above ordinary trademark infringement or dilution," and allegations of "general consumer confusion to not threaten ... direct harm to consumers") (*quoting Natl Distillers Prods. Co., LLC and Perkins, supra*).

V.

### THE SEVENTH CLAIM FOR RELIEF ALLEGING TRADEMARK DILUTION UNDER N.Y. GEN. B. LAW §360-1 SHOULD BE DISMISSED

Given the allegations of the complaint, Sussman's §360-1 claim should be dismissed outright because "New York law does not permit a dilution claim unless the marks are 'substantially' similar." *Starbucks Corp. v. Wolfe's Borough Coffee, Inc.*, 588 F.3d 97, 114 (2d Cir. 2009) (citing *Playtex Prods., Inc.,* 390 F.3d at 167 & n.6).  As we mention above, the complaint does not allege that the marks are at all similar.   Even if we were to disregard the

14

above principle of law, the section 360-1 claim is defective.  In order to succeed on a claim for

trademark dilution under §360-1 *et seq.* of the New York General Business Law, a plaintiff must

show, *inter alia*, that "there is a likelihood of dilution." *Sally Gee, Inc. v. Myra Hogan, Inc.*, 699

F.2d 621, 625 (2d Cir. 1983).  "Similar to federal trademark dilution law, "[d]ilution under New

York law can involve either blurring or tarnishment.*" New York Stock Exchange, Inc. v. New*

*York, New York Hotel, LLC*, 293 F.3d 550, 557 (2d Cir. 2002).  *See Starbucks Corp.*, 588 F.3d at

114 (citing *Hormel Foods Corp. v. Jim Henson Productions, Inc.* 73 F.3d 497, 506-07 (2d Cir.

1996)).  "Blurring" arises when the defendant "uses or modifies the plaintiff's trademark to

identify the defendant's goods and services..." *Id.* at 558 (quoting *Deere & Co. v. MTD Prods.,*

*Inc.*, 41 F.3d 39, 43 (2d Cir. 1994).  That clearly is not alleged in this complaint.  With respect to

"tarnishment," while Sussman uses the word "tarnish" in the complaint, at ¶ 86, this is not such a

case.  Tarnishment "occurs where a trademark is linked to products of shoddy quality, or is

portrayed in an unwholesome or unsavory context," with the result that the public will associate

the lack of quality or lack of prestige in the defendant's goods with the plaintiff's unrelated

goods. *New York Stock Exchange*, 293 F.3d at 558 (quoting *Deere, supra*).  The complaint here

does not allege that the Sussman trademark is so linked with defendants' products in such a

manner.

## VI.

### THE EIGHTH CLAIM FOR RELIEF<br>ALLEGING UNJUST ENRICHMENT<br>SHOULD BE DISMISSED

Unjust enrichment requires proof that "equity and good conscience militate against

permitting defendant to retain what plaintiff is seeking to recover.*" Briarpatch Ltd. v. Phoenix*

*Pictures, Inc.*, 373 F.3d 296, 306 (2d Cir. 2004), *cert. denied*, 544 U.S. 949, 125 S. Ct. 1704, 161 L. Ed. 2d 525 (2005). Here, given the absence of any cognizable claim, Sussman should not be allowed in equity to achieve what it clearly is not entitled to obtain through standard claims for relief.

Moreover, "[t]o state a cause of action for unjust enrichment, a plaintiff must allege that it conferred a benefit upon the defendant." *Smith v. Chase Manhattan Bank, USA, N.A.,* 293 A.D.2d 598, 600, 741 N.Y.S. 2d 100 (2d Dep't 2002). The complaint does not allege that Spa World was enriched by Sussman. Rather, the complaint alleges that Spa World was paid by third party consumers who purchased Spa World's products.

Therefore, Sussman's unjust enrichment claim should be dismissed.

**VII.**

**THE COMPLAINT SHOULD BE DISMISSED FOR
THE FAILURE TO PLEAD THE UNDERLYING
CIRCUMSTANCES WITH THE PARTICULARITY REQUIRED
BY RULE 9(b) OF THE FEDERAL RULES OF CIVIL PROCEDURE**

Fed. R. Civ. P. 9(b) requires that the circumstances constituting fraud or mistake be pleaded with particularity. It does not appear that the Second Circuit (or other federal appellate courts for that matter) has ruled on whether Rule 9(b) applies to allegations of misrepresentation brought under the Lanham Act. Several district courts, including the Eastern District of New York, have applied Rule 9(b) in such cases. *See Sanderson v. Brugman*, No. IP 00-459-C H/G, 2001 U.S. Dist. LEXIS 8309 (S.D. Ind., May 29, 2001); *Barr Labs., Inc. v. Quantum Pharmics, Inc.*, 827 F. Supp. 111 (E.D.N.Y. 1993) (Glasser, J.); *Textile Deliveries, Inc. v. Stagno*, No. 90-civ.-2020 (JFK), 1990 U.S. Dist. LEXIS 13309, at 17-19 (S.D.N.Y., Oct. 9, 1990).

16

In *Barr Labs.*, the court stated that "it is unclear whether Fed. R. Civ. P. 9(b), which mandates that a plaintiff plead allegations of fraud with particularity, is applicable to a Lanham Act claim . . . ." *Id.* at 117.  Nevertheless, the court held that "even if Rule 9(b) is not applicable," in order to give proper notice to the defendants of the claims they were being charged with the plaintiff in that case should be "required to state generally the content of the alleged misrepresentations." *Id.* at 118.

This Court should apply the same standard of pleading to Sussman.  The lack of detail in the complaint concerning any alleged misrepresentation, false advertising, and infringement does not provide proper notice to defendants of what they are being charged with violating.  Indeed, defendants suggest that the complaint falls short of pleading the type of factual allegations required by Rule 8 of the Federal Rules of Civil Procure, as construed by *Twombly* and *Iqbal*. The extent of the so-called diverted sales, the time frame, and the content of the alleged misrepresentations should be specified.  Using such words as "inferior" or "superior" should not suffice.

## VIII.

## WITH THE DISMISSAL OF THE FEDERAL CLAIMS, THE COURT SHOULD DECLINE TO EXERCISE SUPPLEMENTAL JURISDICTION OVER THE STATE-LAW CLAIMS

As we show above, each of the claims asserted in the complaint, including the state-law claims, should be dismissed.  In any event, with the dismissal of the federal claims, the Court should decline to exercise supplemental jurisdiction over the state-law claims pursuant to 28 U.S.C. §1367(c)(3).  "[J]udicial economy, convenience and fairness would not be served by

17

exercising supplemental jurisdiction." *Clement v. United Homes, LLC*, 914 F. Supp. 2d 362, 376

(E.D.N.Y. 2012).

## CONCLUSION

For the reasons stated above, the complaint should be dismissed.

Dated:  New York, New York
       February 27, 2014


                 Respectfully submitted,

                 STAHL & ZELMANOVITZ
                 *Attorneys for Defendants*


                 By:    /s/ Joseph Zelmanovitz    
                     Joseph Zelmanovitz (JZ-00085)
                 747 Third Avenue, Suite 33B
                 New York, New York 10017
                 (212) 826-6422
                 Facsimile: (212) 826-6402
                 Joezelmanovitz@aol.com

18